**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roy C. Earley, | ) | No. CV 09-1988-PHX-MHM (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

Plaintiff Roy C. Earley, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

. . .

III. **Complaint**

Plaintiff sues: Arizona Department of Corrections Director Charles L. Ryan; Associate Deputy Warden R. Cluff; Chief of Operations Captain Faye; and Corrections Officer IV J.T. Neal.

Plaintiff raises three grounds for relief:

(1) Plaintiff's Eighth Amendment rights are violated because he has been housed in a sex offender unit even though he is currently incarcerated for first-degree burglary and aggravated assault;

(2) Plaintiff's safety is threatened in violation of the Eighth Amendment because Defendants Faye and Cluff failed to transfer Plaintiff to the general population even though Plaintiff does not have a current sex offense; and

(3) Plaintiff's equal protection rights are violated because Defendant Cluff refuses to transfer Plaintiff from the sex offender unit to general population and failed to answer Plaintiff's related grievances.

Plaintiff seeks money damages and injunctive relief.

IV. **Failure to State a Claim**

   A. **Housing Classification Claims**

A prisoner has no constitutional right to enjoy a particular security classification. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). See also Hewitt v. Helms, 459 U.S. 460, 466 (1983); Lucero v. Russell, 741 F.2d 1129 (9th Cir. 1984). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976).

Similarly, a prisoner has no right to be housed in any particular cellblock or to object to his transfer from one cellblock to another. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (transfer from general population to administrative segregation does not involve a protected

interest); Caldwell v. Miller, 790 F.2d 589, 604-05 (7th Cir. 1986) (where difference between pre- and post-transfer conditions is one of degree not of kind no protected liberty interest in implicated); Lucero v. Russell, 741 F.2d 1129 (9th Cir. 1984) (transfer to maximum security does not infringe on any protected liberty interest); Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984) (transfer within a prison is within the discretion of prison officials).

Accordingly, Plaintiff's allegation that Defendants have wrongly housed him in a sex offender unit, even though he is not presently incarcerated for a sex offense, does not state a claim for a violation of his constitutional rights.

## B. Threat to Safety Claims

The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986). A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 839 (emphasis supplied).

Plaintiff appears to claim that his safety is threatened by his erroneous classification as a sex offender. However, Plaintiff has not alleged facts demonstrating that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's safety; Plaintiff has not described specific threats to his safety or described why his safety is threatened by his present housing and classification assignments. Accordingly, Plaintiff allegations fail to state a threat-to-safety claim.

### C. Equal Protection Claims

In Count III, Plaintiff claims that "there have been several inmates that have been transferred to general population but the denial of the Plaintiff borders on discrimination due to the fact that the Plaintiff is not affiliated with a political group and several of these inmates are."

For purposes of equal protection, prisoners are not a suspect class. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991). Inmates are not entitled to identical treatment as other inmates merely because they are all inmates. See Norvell v. Illinois, 373 U.S. 420 (1963). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause - when a suspect class is not implicated, the complainant must allege invidious discriminatory intent. McQueary, 924 F.2d at 834-35. However, conclusory allegations alone do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 265 (1977). In addition, when a suspect class is not implicated, the court must determine whether the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir. 1987) (internal quotations omitted).

Here, Plaintiff has failed to allege that he is a member of a suspect class, or that Defendants' conduct was the result of purposeful or invidious discrimination, or that the conduct bore no rational relationship to a legitimate governmental interest. Plaintiff has therefore failed to state an equal protection claim.

### D. Grievance Claims

In Count III, Plaintiff also appears to claim that his civil rights were violated because his "grievance was never answered or rectified pursuant to this institution's rules and procedures." An inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. Other circuits have

held similarly. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Without a liberty interest, Plaintiff has no procedural due process rights at stake and his grievance allegations fail to state a claim.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Motion to Appoint Counsel

Plaintiff has requested appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and]

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #4) will be denied.

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

1 occasions, while incarcerated or detained in any facility, brought an action or appeal in a
2 court of the United States that was dismissed on the grounds that it is frivolous, malicious,
3 or fails to state a claim upon which relief may be granted, unless the prisoner is under
4 imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.00.

(3) Plaintiff's Motion for Appointment of Counsel (Doc. #4) is denied.

(4) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 5th day of November, 2009.

_____
Mary H. Murguia
United States District Judge