# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy C. Earley, | No. CV 09-1988-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Roy C. Earley, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 9, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. #5). On November 24, 2009, Plaintiff filed a First Amended Complaint (Doc. #7). The Court will dismiss the Amended Complaint with leave to amend.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the Amended Complaint may possibly be saved by further amendment.

## II.     Amended Complaint

Plaintiff sues: Arizona Department of Corrections Director Charles L. Ryan, Associate Deputy Warden R. Cluff, Chief of Operations Captain S. Fay, and Corrections Officer IV J.T. Neal.

Plaintiff raises two grounds for relief in the Amended Complaint:

(1) Plaintiff's safety was threatened, in violation of the Eighth Amendment, when he was incorrectly classified as a sex offender and housed in a general population unit; and

(2) Plaintiff's erroneous classification violates his equal protection rights.

Plaintiff seeks injunctive relief and money damages.

## III. Failure to State a Claim

### A. Count I

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's conclusory allegation in Count I–that "Defendants were deliberately indifferent" to the alleged threat to his safety–is not sufficient to state a claim. Plaintiff must describe what each individual Defendant did or failed to do that resulted in the violation of his constitutional rights.

Moreover, to state an Eighth Amendment failure-to-protect claim, plaintiff must first show that the alleged constitutional deprivation is objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the plaintiff must show that the prison official had a "sufficiently culpable state of mind," i.e., the prison official must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 839 (emphasis added).

Plaintiff's facts do not demonstrate that the individually named Defendants were deliberately indifferent to a risk of serious harm to Plaintiff's safety; Plaintiff has not shown that the individual Defendants were aware Plaintiff's safety was threatened by his housing

1 and classification assignments, but failed to take appropriate action. Plaintiff has therefore
2 failed to state a claim in Count I.

### B. Count II

Plaintiff has also failed to state an equal protection claim. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class.

In Count II, Plaintiff asserts that he is "not a sex offender, but is a member of a suspect class due to the fact that [he] will be continuously placed in harms way." Plaintiff does not allege what suspect class he is a member of and his conclusory allegation is insufficient to state a claim. Moreover, none of Plaintiff's facts in Count II support his allegation that Defendants intended to discriminate against him. Plaintiff has therefore failed to state a claim in Count II.

### IV. Leave to Amend

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

In any second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo, 423 U.S. at 371-72, 377.

1  Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
2  fails to affirmatively link the conduct of each named Defendant with the specific injury
3  suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to
4  state a claim. Further, Plaintiff must comply with any specific directions set out by the Court
5  in its discussion of individual claims. Conclusory allegations that a Defendant or group of
6  Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint and first amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

1 relief with a notice of change of address. Failure to comply may result in dismissal of this
2 action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See
LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
to Plaintiff.

### D. Possible "Strike"

Because the Amended Complaint has been dismissed for failure to state a claim, if
Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this
Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C.
§ 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal
a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more
prior occasions, while incarcerated or detained in any facility, brought an action or appeal
in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is
under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these
warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
1260-61 (a district court may dismiss an action for failure to comply with any order of the
Court).

**IT IS ORDERED:**

(1) The Amended Complaint (Doc. #7) is **dismissed** for failure to state a claim.
Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in
compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk
of Court must, without further notice, enter a judgment of dismissal of this action with
prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 15th day of January, 2010.

_____
Mary H. Murguia
United States District Judge