| | |
|---|---|
| **WO** | KM |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Roy C. Earley,  )  No. CV 09-1988-PHX-MHM (JRI)
)
      Plaintiff,  )  **ORDER**
)
vs.  )
)
Charles L. Ryan, et al.,  )
)
      Defendants.  )
)

Plaintiff Roy C. Earley, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 9, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. #5). On November 24, 2009, Plaintiff filed a First Amended Complaint (Doc. #7). By Order filed January 19, 2010, the Court dismissed the Amended Complaint with leave to amend (Doc. #8). On February 8, 2010, Plaintiff filed a Second Amended Complaint (Doc. #9). The Court will dismiss the Second Amended Complaint and this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, without leave to amend, because the Court finds that further amendment would be futile.

. . .

. . .

1  **II. Second Amended Complaint**

In the Second Amended Complaint, Plaintiff sues Arizona Department of Corrections Director Charles L. Ryan, Associate Deputy Warden D. Carrillo, Chief of Operations Captain S. Fay, and Corrections Officer IV J.T. Neal.

Plaintiff raises three grounds for relief:

(1) Plaintiff's Eighth Amendment rights were violated, and Plaintiff's character defamed, when Defendants placed him in a sex offender unit after erroneously classifying him as having a current sex offense;

(2) Plaintiff's Fifth Amendment and equal protection rights were violated when Plaintiff was moved from the sex offender unit to a general population unit where other inmates yelled and made threats against him before he was moved back to the sex offender unit; and

(3) Plaintiff's Eighth Amendment rights were violated when Plaintiff was placed in a sex offender unit based on erroneous information that Plaintiff was convicted of a sex offense when he was actually convicted of a drug offense.

Plaintiff seeks injunctive relief and money damages.

**III. Failure to State a Claim**

    **A. Counts I and III**

To state an Eighth Amendment failure-to-protect claim, plaintiff must first show that the alleged constitutional deprivation is objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the plaintiff must show that the prison official had a "sufficiently culpable state of mind," *i.e.*, the prison official must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must <u>both</u> be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference.

Id. at 839 (emphasis added).

Plaintiff's facts in Count I and III do not demonstrate that the individually named Defendants were deliberately indifferent to a risk of serious harm to Plaintiff's safety; Plaintiff has not shown that the individual Defendants were aware Plaintiff's safety was threatened by his housing and classification assignments, but failed to take appropriate action.

Plaintiff has demonstrated, at most, that Defendants may have negligently relied on erroneous information when placing him in a sex offender unit. Negligent acts are not sufficient to demonstrate an Eighth Amendment violation. The Constitution "does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Further, the only injury Plaintiff has alleged is that his character was defamed and that he was the victim of slander. Both slander and libel concern damage to reputation. An action for damage to reputation "lies . . . in the tort of defamation, not in [42 U.S.C. §] 1983." Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir. 1988). The Court will dismiss Counts I and III for failure to state a claim.

**B.     Count II**

In Count II, Plaintiff claims his equal protection rights were violated when Defendants briefly transferred him to a general population unit. Plaintiff has failed to state an equal protection claim. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The allegedly erroneous classification of Plaintiff as a sex offender does not place Plaintiff in a protected class. Moreover, Plaintiff has not alleged that Defendants transferred him to a general population unit with an intent or purpose to discriminate against Plaintiff.

To the extent that Plaintiff may be alleging his safety was threatened by the transfer, Plaintiff has not alleged facts showing that Defendants were aware of a threat to Plaintiff's

1 safety and failed to act. To the contrary, Plaintiff alleges that he was subsequently transferred back the sex offender unit. The Court will dismiss Count II for failure to state a claim.

**IV. Dismissal without Leave to Amend**

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. The Court has reviewed the original Complaint, First Amended Complaint, and Second Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. #9) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 5th day of April, 2010.

_____
Mary H. Murguia
United States District Judge